Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Northern  District of New York

_____ Division

| | |
|---|---|
| LEROY PEOPLES<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)*<br>**-v-**<br><br>RICH HREBIN, et al., Ind. & Off. Capacities<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names. Do not include addresses here.)* | Case No. 9:19-CV-1600 GLS/CFH<br>*(to be filled in by the Clerk's Office)*<br><br>" JURY TRIAL DEMANDED "<br><br>Civil Rights Complaint § 1983<br><br>U.S. DISTRICT COURT - N.D. OF N.Y.<br>**FILED**<br>DEC 2 3 2019<br>AT_____ O'CLOCK<br>John M. Domurad, Clerk  Binghamton |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | LEROY PEOPLES |
| All other names by which you have been known: | |
| ID Number | #235959 |
| Current Institution | BROOME COUNTY JAIL |
| Address | P.O. BOX 2047 |
| | Binghamton        NY        13902 |
| | City        State        Zip Code |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | RICH HREBIN |
| Job or Title *(if known)* | Corrections Officer |
| Shield Number | |
| Employer | Broome County Sheriff, David E. Harder |
| Address | 155 Lt. VanWinkle Drive |
| | Binghamton        NY        13901 |
| | City        State        Zip Code |

☑ Individual capacity   ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Mahmood Ahmed Butt |
| Job or Title *(if known)* | Physician / M.D. |
| Shield Number | |
| Employer | CBH Medical, P.C., Broome County Correctional Facility |
| Address | 155 Lt. VanWinkle Drive |
| | Binghamton        NY        13905 |
| | City        State        Zip Code |

☑ Individual capacity   ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**Defendant No. 3**

| | |
|---|---|
| Name | MARK SMOLINSKY |
| Job or Title *(if known)* | MAJOR / JAIL ADMINISTRATOR |
| Shield Number | |
| Employer | Broome County Sheriff, David E. Harder |
| Address | 155 Lt. VanWinkle Drive |
| | Binghamton            NY           13901 |
| | City                  State        Zip Code |

☑ Individual capacity   ☑ Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | SCOTT NOYES |
| Job or Title *(if known)* | Lieutenant / Medical Liaison Officer |
| Shield Number | |
| Employer | Broome County Sheriff, David E. Harder |
| Address | 155 Lt. VanWinkle Drive |
| | Binghamton            NY           13901 |
| | City                  State        Zip Code |

☑ Individual capacity   ☑ Official capacity   ( See next page →)

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Deliberate indifferent & negligence to 8th and 14th Amend. Rights of the U.S. Constitution. Also suppression of my 1st Amend. Right to express my grievances. Violation of 4th, 5th & 6th Amendments.

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

N / A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Defendant Rich HRebin, acted under color of state or local law in his
(see Next Page Attached )

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☑ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☑ Other *(explain)*   Parole / Post-Release Supervision violator.

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N / A

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

In F-Pod common living area by rec-yard window on August 23rd, 2019, (Friday), Approximately 4:58 pm, in Broome County Jail.

Page 3 - Continued

Defendant No. 5

Name                    JENN MCPEAK

Job / Title             Corrections Officer / Grievance Coordinator

Employer                Broome County Sheriff, David E. Harder

Address                 155 Lt. VanWinkle Drive

                        Binghamton,   NY   13901

                        ☑ Individual capacity  ☑ Official capacity

Defendant No. 6

Name                    STATE COMMISSION OF CORRECTION

Job / Title             Forensic Medical Unit / Bureau of field Investigation

Employer                STATE COMMISSION OF CORRECTION

Address                 80 South Swan Street, 12th Floor

                        Albany, NY 12210

Defendant No. 7

Name                    David  Stanton

Job / Title             Corrections Officer / Sergeant

Employer                Broome County Sheriff, David E. Harder

Address                 155 Lt. VanWinkle Drive

                        Binghamton,  NY  13901

                        ☑ Individual Capacity  ☑ Official capacity

( Turn Over Page  → )

Page 3 - Continued

Defendant No. 8

Name                         Kevin Cheung

Job / Title                  Senior Assistant District Attorney

Employer                     BROOME COUNTY DISTRICT ATTORNEY OFFICE

Address                      P.O. Box 1766, 45 Hawley Street

                             Binghamton, NY  13902

                             ☑ Individual capacity  ☑ Official capacity

Page 4 of 11 — Continued


D. ( Continued ) —


individual, and official capacities, as a Corrections Officer for the Office of the Sheriff ( David E. Harder ) of Broome County. On August 23rd, 2019, (Friday) at approximately 4:58 pm, I was handcuffed by defendant HRebin after allegations of a physical altercation between plaintiff and a Antonio Jones. ( see, Exhibit: A — Incident Report) Upon being handcuffed by defendant HRebin, archive video footage reveals that the defendant handcuffed plaintiff and pulled him up off the carpet from behind as he either deliberately or by his negligence, injured the plaintiffs right-wrist, as plaintiff breaks his fall by landing on and using his right-hip.( see, Archive Video Footage) Upon leaving the F-Pod housing unit, plaintiff was informed under threat/duress/coercion to "refuse medical assistance" by defendant HRebin as plaintiff did deny said treatment under the circumstances. Let the record reflect, "no medical records" exist that a fight/physical altercation ~~exist~~ took place. However, plaintiff still claims to be injured by defendant, in his right-wrist tendon & ligaments.


Defendant Doctor Butt, acted under color of state or local law in his individual, and official capacities, as a Physician/M.D. for Broome County and the Office of the Sheriff (David E. Harder); when he initially denied me a x-ray for my right-wrist injuries on September 4th, 2019. (see, Archive Video Footage) I thereafter wrote a complaint to the State Commission of Corrections and my attorney John M. Scanlon, approximately dated 9/12/19 about being assaulted by defendant HRebin, (and among other things), in which on 9/19/19 I was interview by Mark Smolinski ( Major / Jail Administrator) following the State

Commission of Corrections notifying Smolinsky. I was also escorted by defendant Smolinski on 9/19/19 after being interviewed by him in the Attorney-visiting room (see Archive Video Footage), and brought before defendant Butt in Medical #2, examination room. Thereafter, in front of a Nurse, defendants Butt & Smolinski on 9/19/19, the three of us (i.e., Butt, Smolinski, myself) agreed that the first step would be to x-ray to determine whether any bone-injuries existed. I assured both defendants that I believed I just suffered tendon/ligament injuries by moving the fingers of my righthand. I stressed that I need a MRI or to see a orthopedic-specialist/surgeon, and it was agreed the x-ray would be the first step. The female nurse informed me that on 9/20/19 the x-ray would be conducted as it was. On 9/24/19 I went to see Defendant Butt who told me no bone-injuries exist and that it appears to be a "strained-tendon". Yet defendant Butt not being a orthopedic-specialist, denied to arrange for me to see said specialist to determine the actual problem and denied me a MRI. On 10/25/19, I saw defendant Butt and offered to accept a carpotona wrist band. Dr. Butt agreed under condition I agree to being placed on 24hr confinement to a medical cell, isolated from other people. I denied the wrist-band, again asked for a MRI and to see a ligament/tendon specialist of which the doctor denied arbitrarily. As of the date of this writing I am in continued discomfort because of the injuries sustained to my right-wrist tendons/ligaments, and I from time to time, I accept Ibuprofen/Non-Aspirin. Otherwise I am in discomfort because my injuries still exist. (See Video Archive Footage refering to all dates) Defendant Butt actions/inactions consist of medical misconduct/ negligence and deliberate indifference to my constitutional rights.

(pg. 2 of 8)     (Next Page →)

Defendant Mark Smolinski, acted under color of state or local law in his individual, and official capacities, as Major/Jail Administrator for the Broome County Office of the Sheriff (David E. Harder), when he interviewed me about my assault allegations on 9/19/19, and promised me medical attention infront of defendant Butt on 9/19/19. To this day, I have not received a MRI or have seen a tendon/ligament specialist as he promised. My attorney John M. Scanlon wrote defendant Smolinski and urged him to offer me medical care as well. I also was interviewed by defendant Smolinski on 10/8/19 after I wrote State Commission of Corrections (SCOC) about defendant McPeak intimidating me for wanting to file a grievance concerning being assaulted. (See Archive Video Footage of 10/8/19 – in Attorney Visiting Room) Defendant Smolinski's action/inactions consist of supervisory-liability, as he has first hand knowledge of my assault allegations, request for urgent medical attention and his failure to act by his negligence and deliberate indifference to my constitutional rights (See Exhibit-A, letter to Smolinski from Attorney Scanlon.)

Defendant Scott Noyes, acted under color of state or local law in his individual, and official capacities, as Leiutenant/Medical Liaison Officer for the Broome County Office of the Sheriff (David E. Harder), when my attorney John M. Scanlon informed him via correspondence dated October 21st, 2019, (See Exhibit-A) that I've made allegations of being assaulted by defendant HRebin. Defendant Noyes inaction to afford plaintiff medical care as the Medical Liasion Officer consist of supervisory-liability because of his negligence to plaintiffs urgent medical needs and by his deliberate indifference to plaintiffs constitutional rights.

(Pg. 3 of 8)      (Turn Over →).

Defendant Jenn McPeak, acted under color of state or local law in her individual, and official capacities, as a Corrections Officer / Grievance Coordinator for the Broome County Office of the Sheriff (David E. Harder), when she by threats / coercion intimidated me from exercising my 1ST amendment right to redress my grievances of being assaulted by defendant HRebin. Before being afforded a grievance-form from defendant McPeak she expressed that in advance of me even filing my grievance, that she thought I was a liar and that her expression of this informed me that I would not have a fair grievance-process because of her arbitrary views toward me in advance of my submission of my grievance. I expressed this to defendant Smolinski on 10/8/19 when defendant McPeak initially deny me a grievance-form. I thereafter decided to grievance defendant McPeak, and ask the State Commission of Corrections (SCOC) to submit my grievance and assure it gets filed and processes, because I believed a conflict of interest existed of which I felt, if I had to turn my grievance in to McPeak, that the process would be prejudiced by her. Defendant McPeak told the law library clerk (civilian not to allow me to xerox-copy my grievance as well. So I forwarded my grievance to SCOC, and they did not return it to the facility to be processed. Defendant McPeaks' actions violated my first amendment rights to redress my grievances, and therefore the grievance program at Broome County Jail exist only in theory, and not in practice because of the pre-grievance findings of McPeak (though arbitrary) that plaintiff is a liar and if he would change his story she'll consider advocating to get me medical assistance.

(Pg. 4 of 8)   (Next Page →)

Defendant State Commission of Correction (SCOC), acted under color of state or local law in their individual, and official capacities, as 'Bureau of field Investigations' and 'Forensic Medical Unit' for the SCOC (a state agency), when they arbitrarily assumed I asked of them to help me circumvent the facility grievance process. Plaintiff informed the SCOC that it was a conflict of interest for him to submit his grievance to defendant McPeak because part of his grievance was against said defendant. Therefore, plaintiff ask of SCOC to return the grievance to defendant Smolinski to assure plaintiff his grievance would be filed and processed. (See Exhibit-A for SCOC 10/18/19 reply letter) Because defendant SCOC did not return plaintiffs grievance to him to process himself, and/or, did assist the plaintiff in assuring the grievance was filed or processed, plaintiff exhausted his administrative remedies. The SCOC inactions stifled the grievance process and policy needs to be promulgated to assure a grievant that, when a grievant is in a position of having a conflict of interest with the grievance-coordinator that a alternative remedy exist to file a grievance at the facility level if SCOC is unwilling to assist in assuring a grievants grievance is file. defendant SCOC inactions/actions by this arbitrary response (Exhibit-A) negligently denied the plaintiff by deliberate indifference, to allow plaintiff to exercise his first amendment right to redress grievances.

Defendant David Stanton, acted under color of state or local law in his individual, and official capacities, as Corrections Officer / Sergeant, for the Broome County Officer of the Sheriff (David E. Harder), when he arbitrarily and capriciously, criminally charged plaintiff under New York Penal Law for Assault in the 2nd Degree, with no physical evidence (a crime that requires physical evidence as a element of the crime). On August 26th, 2019, while

(Pg. 5 of 8) (Turn Over →)

confined to Medical #2, cell #7, defendant Stanton informed me that I would
be arrested for Assault in the 2nd degree, subdivision 7, of the New York
Penal Law for a fight with Antonio Jones on August 23rd, 2019. After
being released from medical #2, cell #7, I returned to Special Housing
Unit (SHU) cell #137. On August 27th, 2019, I was arrested by defendant
Stanton and charged with Assault in the 2nd degree, subdivision 7, of the
New York Penal Law. (See Archive Video Footage for Intake Area) On
August 29th, 2019, at approximately 8pm I was arraigned on the
same charges via felony complaint. (See Exhibit:A- Felony Complaint)
Defendant Stanton, under color of state law and of local law committed
false-arrest and unlawful imprisonment, because the charge of Assault in
the first degree 2nd degree, subdivision 7, of the New York Penal Law,
"requires" a showing of "physical injury". No medical records exist to
substantiate defendant Stanton's claim that this sort of assault was committed
by plaintiff against Antonio Jones. Upon information & belief, defendant
Stanton filed frivolous charges because of plaintiff informing defendant
Stanton that he wished to file assault charges against defendant HRebin
for assault and the injuries plaintiff sustained to the tendons/ligaments
in his right-Wrist. Plaintiff told defendant Stanton on August 26th, 2019,
will confined to medical #2, cell #7 (See Archive Video Footage) that he
would like defendant Rich HRebin arrested for assault, and in return,
defendant Stanton informed plaintiff that Antonio Jones requested the same and
that Antonio Jones request would be honored. Defendant Stantons' actions
violated plaintiffs 4th, 5th, 6th, 8th and 14th amendment rights to
the U.S. Constitution.


( Pg. 6 of 8 )  ( Next Page → )

Defendant Kevin Cheung, acted under color of state or local law in his individual, and official capacities, as Senior Assistant District Attorney for the Broome County District Attorney Office, when the plaintiff provided him written testimony in a case defendant Cheung presided over as the prosecutor. The case referred to is People v. Antonio Malik Jones, Broome County Indictment Number: 19/178. Plaintiff provided defendant Cheung with his written testimony against Antonio Jones. And pursuant to Brady v. Maryland, the defendant turned over plaintiffs written testimony against Antonio Jones to Antonio Jones' attorney Jim Sacko. On August 23rd, 2019, at approximately 4:50pm, upon Antonio Jones return from an attorney visit with Jim Sacko in which Mr. Sacko informed his client Jones, that plaintiff wrote a testimony against Jones in his criminal case, Jones confronted plaintiff about this letter of written testimony against Jones. Plaintiff was seated on the window ledge in F-Pod speaking to Andrew Bennett (now a NYS DOCCS inmate) and Jones approached plaintiff and asked Bennett could he excuse himself. Jones thereafter stood his foot on the window-sill and postured over plaintiff in a threatening posture and threatened to cut plaintiff for snitching on Jones to defendant Cheung. Thereafter, defendanted acted in "self-defense", offensively. (See, Archive Video Footage of August 23rd, 2019, F-Pod). Defendant Cheungs' actions / or lack thereof, was under the color of law, when he utilized the plaintiffs written-testimony against Jones, informed Jones via his attorney he was utilizing this written-testimony by turning it over to Jones & Sacko as Brady material, but thereafter violating his code of ethics as a district/prosecuting attorney by not affording plaintiff a separation from Jones. Instead defendant Cheung left plaintiff and Jones in the same housing unit (i.e., F-Pod). Defendant

(Pg. 7 of 8)        (Turn Over →)

Cheungs' actions displayed his negligence in the care of plaintiffs safety by leaving plaintiff in the same housing unit as Jones, Know he would utilize plaintiffs written testimony against Jones. Defendant Cheung not only acted with negligence, but he acted unethically in his lack of care of plaintiffs safety & wellbeing. Defendant Cheungs actions violated plaintiffs 8th and 14th amendment rights.

( Pg. 8 of 8 )   ( Return to page 4 of 11 )

LeRoy Peoples
LeRoy Peoples #235959
Brrome County Jail
P.O. Box 2047
Binghamton, NY 13902

C.   What date and approximate time did the events giving rise to your claim(s) occur?

On August 23rd, 2019, (Friday) at approximately 4:58 pm.

_____

D.   What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what?*
*Was anyone else involved?  Who else saw what happened?)*

C.O. Rich HRebin assaulted me by applying handcuffs too-tightly to my wrist and pulling me off the floor. My injuries come from Rich HRebin, not Antonio Jones (inmate I had a fight with). The video archive of August 23rd, 2019, (Fridays) will verify my allegations. No medical records exist from my injuries because I was threatened by Rich HRebin to refuse medical assistance on 8/23/19 when he assaulted me. But after my x-ray on 9/20/19, Dr. Butt said to me on 9/24/19 that my tendons was sprained but refused to schedule me to see orthopedic-specialist or MRI.

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.  I have injuries to my right-wrist area that are ligaments/tendon injuries on wrist area above my thumb. I receive from Dr. Butt on 10/25/19 Ibuprofen and Non-Aspirin. I requested to see a orthopedic-~~specialist~~ specialist/surgeon and a MRI, but Dr. Butt's denied me this treatment. As of the date of this complaint I am continuously suffering from pain & injuries. I also suffer mental & emotional anguish because the same people I have to rely on for help, are denying me medical care and covering up that staff injured me.

_____

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.
If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for
the acts alleged. Explain the basis for these claims.  Plaintiff request compensatory damages and punitive damages in the total amount of $ 1,000,000 dollars zero cents. Plaintiff request to receive at the expense of the County/Sheriffs' office to see a orthopedic-specialist for surgery to right-wrist ligaments/tendons injuries. The basis of these claims is that the injuries Plaintiff sustained were at the hands of Correction Officer Rich HRebin either by deliberate indifference/ or Negligence and no fault of Plaintiffs own. Moreover, Dr. Butt's, Mark Smulinski, Scott Noyes are negligent in preventing me from receiving medical treatment. And Jenn McPesk unconstitutionally suppressing protected First Amendment speech along with the State Commission of Corrections (SCOC). The SCOC needs to implement policy where a neutral party is (civilian) the Grievance Coordinator and not a Corrections Officer and that the proceedings are tape recorded (i.e., grievance proceedings). The grievance forms should be readily available in each housing-unit and not arbitrarily placed in the care of Jenn McPesk. Sgt. David Stanton unlawfully arrested plaintiff for assault with no physical evidence. The relief of $1,000,000 in compensatory & punitive damages is requested/demanded from defendants in their individual & official capacities, jointly & severally.

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Broome County Jail / Correctional Facility

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

N/A

D.  **Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?**

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☑ Yes

☐ No

E.  **If you did file a grievance:**

1.  Where did you file the grievance? I forwarded my grievance-complaint to the 'State Commission of Corrections.' I also made grievances/complaints to my attorney, County Judge, Town Court Judge. (See, Exhibit: A, letter from John M. Scanlon, Esq.)

2.  What did you claim in your grievance? That I was assaulted by Rich HRebin; that Dr. Butts' denied me medical-specialist and MRI; that McPeak tried to intimidate me from pursuing grievance; that Smolnski & Butt lied to me telling me that my x-ray was the beginning of my medical treatment and once it was determined there was no bone injuries I could get MRI; that staff Correction officer who worked on 9/17/19 let inmates in SHU/Box still $60 dollars in commissary from me; that law library was inadequate pursuant to Wolf v. McDonald (U.S. / S. Ct.)

3.  What was the result, if any? The 'State Commission of Corrections', ~~began~~ refused to assure that my grievance was filed and processed by McPeak whom I claim was a conflict of interest because part of my grievances was about McPeak. Therefore, they administratively 'ignored' my grievance. (See, SCOC letter of 10/18/19 - Exhibit: A)

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)* I could not file grievance at facility level because McPeak is the grievance-Coordinator and she was trying to prevent me from filing grievance. So I sent grievance to State Commission of Corrections, to ask them, and/or, compelled McPeak to process my grievance. I then received the reply in Exhibit: A from SCOC. SCOC is the highest agency to appeal to. As of today, I received no response.

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

N/A

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

I informed the State Commission of Correction, Mark Smolinski, My attorney John M. Scanlon, Judge Kevin Dooley. (See Exhibit·A for letters)

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)  _____ N /A _____
     Defendant(s) _____ N / A _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*
     _____ N / A _____

3.   Docket or index number  _____ N / A _____

4.   Name of Judge assigned to your case  _____ N / A _____

5.   Approximate date of filing lawsuit  _____ N / A _____

6.   Is the case still pending?

     ☐ Yes

     ☑ No

     If no, give the approximate date of disposition.  _____ N /A _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

     _____ N / A _____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?   Yes

☑ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   LeRoy Peoples, et al.

Defendant(s)   Anthony Annucci, et al

2.   Court *(if federal court, name the district; if state court, name the county and State)*

SDNY   11-CV-2694 (SAS) Southern District Fed. Court

3.   Docket or index number

11-CV-2694

4.   Name of Judge assigned to your case   Judge Scheindlin

5.   Approximate date of filing lawsuit   April   2010 / 2011

6.   Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition   March 2016

7.   What was the result of the case? *(For example: Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

Solitary Confinement Class Action Settlement

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   November 18th, 2019.

Signature of Plaintiff       *LeRoy Peoples*

Printed Name of Plaintiff    LeRoy Peoples

Prison Identification #       #235959

Prison Address                Broome County Jail, P.O. Box 2047
                              Binghamton                    NY        13902
                              City                          State     Zip Code

### B.   For Attorneys

Date of signing:   N/A

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm              N/A

Address

                              City          State          Zip Code

Telephone Number

E-mail Address                N/A