**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LEROY PEOPLES,**

                                        **9:19-cv-1600**
                    **Plaintiff,**        **(GLS/CFH)**

          **v.**

**RICH HREBIN et al.,**

                    **Defendants.**
_____

## <u>SUMMARY ORDER</u>

Plaintiff _pro se_ Leroy Peoples commenced this civil rights action

against defendant correction officers Rich Hrebin and David Stanton, as

well as six other defendants that have since been dismissed, alleging

various claims pursuant to 42 U.S.C. § 1983.  (Compl., Dkt. No. 1.)  The

following claims survived the court's initial review of the complaint: (1) an

excessive force claim against Hrebin and (2) a retaliation claim against

Stanton.  (Dkt. No. 8 at 17.)  Defendants moved for summary judgment,

asserting, among other things, that Peoples failed to exhaust his

administrative remedies prior to bringing suit.  (Dkt. No. 31, Attach. 17.)

On July 1, 2021, Magistrate Judge Christian F. Hummel issued a

Report-Recommendation and Order (R&R), which recommends that

defendants' motion for summary judgment, (Dkt. No. 31), be granted, and

that Peoples' complaint, (Compl.), be dismissed for failure to exhaust, (Dkt.

No. 35).  Peoples filed timely objections to the R&R.[1]  (Dkt. No. 36.)  For

the reasons that follow, the R&R is adopted in its entirety, defendants'

motion for summary judgment is granted, and Peoples' complaint is

dismissed.

Before entering final judgment, this court routinely reviews all report

and recommendation orders in cases it has referred to a magistrate judge.

If a party has objected to specific elements of the magistrate judge's

findings and recommendations, this court reviews those findings and

recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No.

Civ. 904CV484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006).  In

cases where no party has filed an objection, or only vague or general

objections have been filed, this court reviews the findings and

_____

[1]  When a report and recommendation is filed, the parties have
fourteen (14) days from receipt of the report to file specific, written
objections to proposed findings and recommendations.  *See* 28 U.S.C. §
636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D.N.Y. L.R. 72.1(c). Three
additional days are added to the fourteen-day period when the plaintiff is
served with the report by mail.  *See* Fed. R. Civ. P. 6(d).  The R&R was
filed on July 1, 2021, (Dkt. No. 35), and Peoples filed his objections fifteen
days later on July 16, 2021, making his objections timely.

recommendations of the magistrate judge for clear error.  *See id.* at *5.

In support of his objections, Peoples refers the court to his complaint, and argues in conclusory fashion, and for the first time, that "the grievance process in Broome County Jail is inadequate, arbitrary and capricious, because it exist[s] in theory, but not in practice."  (Dkt. No. 36.) Accordingly, to the extent that Peoples relies on his complaint, the objections amount to an attempt to re-litigate issues already considered and decided by Judge Hummel, and, with respect to his argument regarding the inadequacy of the grievance process, such objection is a new argument not presented to Judge Hummel in the initial briefing.[2]  (*Id.*)

As such, Peoples' objections are general and trigger clear error review only.  *See Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments) does not constitute an adequate objection."); *Smurphat v. Hobb*, No. 8:19-CV-804, 2021 WL 129055, at *2 (N.D.N.Y. Jan. 14, 2021) ("[W]hen an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the

_____

[2]  Peoples did not file a response to defendants' motion for summary judgment.  (Dkt. No. 35 at 2.)

Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review." (citations omited)); *Smith v. Hulihan*, No. 11 CV 2948, 2012 WL 4928904, at *1 (S.D.N.Y. Oct. 17, 2012) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the R & R, and indeed may not be deemed objections at all." (citations omitted)).

The court has carefully considered the R&R, and finds no clear error in Judge Hummel's thorough analysis, which provides multiple, appropriate reasons for granting defendants' motion for summary judgment and dismissing Peoples' complaint.  Accordingly, the R&R is adopted in its entirety.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 35) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 31) is **GRANTED**; and it is further

**ORDERED** that Peoples' complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

August 2, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge